# In the United States Court of Federal Claims

No. 16-83C

(Filed: July 19, 2016)

(Unpublished)

*************************************
* 
ARTHUR A. VAN HECKE,                *
*
            Plaintiff,              *
*
v.                                  *
*
THE UNITED STATES,                  *
*
            Defendant.              *
*
*************************************

FILED

JUL 19 2016

U.S. COURT OF
FEDERAL CLAIMS

## OPINION AND ORDER

WHEELER, Judge.

*Pro se* Plaintiff Arthur Van Hecke filed a complaint in this Court on February 16, 2016 alleging that the United States Census Bureau breached his employment contract and also breached a promise to employ him for five years. On April 18, 2016, the Government filed a motion to dismiss the complaint for lack of subject matter jurisdiction, which is now fully briefed. For the reasons explained below, the Court grants the motion to dismiss.

Mr. Van Hecke alleges that he negotiated with the Census Bureau for a position in its Technologies Management Division in November 2009, and that the Census Bureau offered to hire him for a two-year term with a two-year extension. Mr. Van Hecke further alleges that, when he indicated "five years was a must," the Division head of the Census Bureau agreed to an additional one-year extension to the four-year offer. Compl. at 1. The Bureau hired Mr. Van Hecke for a two-year term in December 2009, extended his term by an additional two years in December 2011, and terminated his employment in December 2013, declining to extend his employment for an additional year. Mot. to Dismiss, App. A-1 – A-3. Mr. Van Hecke first filed suit in the United States District Court for the District of Maryland, which transferred his lawsuit to this Court. Compl. at 1. Mr. Van Hecke

claims $1,228,760 in damages as a result of the Government's breach of contract and promise. Id. at 3.

The Tucker Act grants this Court jurisdiction over claims "against the United States founded…upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). This Court is mindful that Mr. Van Hecke is representing himself without counsel. However, while this Court should exercise leniency with respect to mere formalities with a *pro se* plaintiff, it may not take a similarly liberal view with jurisdictional requirements. See Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987); see also Johnson v. United States, 70 Fed. Cl. 296, 297 (2006) ("*Pro se* status cannot render a plaintiff immune from meeting jurisdictional requirements."); Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be.").

To establish this Court's jurisdiction, Mr. Van Hecke must adequately allege the existence of an employment contract with the Government. However, it is well established that "absent specific legislation, federal employees derive the benefits and emoluments of their positions from *appointment* rather than from any contractual or quasi-contractual relations with the government." Hamlet v. United States, 63 F.3d 1097, 1101 (Fed. Cir. 1995) (quoting Chu v. United States, 773 F.2d 1226, 1229 (Fed. Cir. 1985)) (emphasis added). The rebuttable presumption is that "[F]ederal employees hold their positions pursuant to appointment, rather than by contract." Calvin v. United States, 63 Fed. Cl. 468, 472 (2005). This Court should look to the "relevant statutory language and regulations and the language of the hiring documents" to determine whether a government employee served by contract or appointment. Id. If the Court finds that the Government employed Mr. Van Hecke by appointment, "a breach of contract action against the government would be precluded." Federico v. United States, 70 Fed. Cl. 378, 383 (2006).

Mr. Van Hecke's employment documents make it clear that the Government hired him pursuant to appointment, not by a contract. The Government hired Mr. Van Hecke under an "appointment affidavit" executed on December 22, 2009, extended his appointment on December 18, 2011 for a term "not to exceed" December 14, 2013, and terminated his employment due to "expiration of appointment" on December 14, 2013. Mot. to Dismiss, App. A-1 – A-3. Mr. Van Hecke has produced no evidence that could establish employment by contract. Accordingly, Mr. Van Hecke's suit for breach of contract is precluded.

Mr. Van Hecke's claim against the Government for breach of promise also fails for lack of jurisdiction. Mr. Van Hecke claims that he lost job opportunities due to his reliance on a promise of five years of employment. This "detrimental reliance" is an element of a

claim of promissory estoppel, for which the Government has not waived its sovereign immunity. See Steinberg v. United States, 90 Fed. Cl. 435, 443 (2009) ("Promissory estoppel . . . requires the court find an implied-in-law contract, a claim for which the United States has not waived its sovereign immunity."); see also Hercules, Inc. v. United States, 516 U.S. 417, 423 (1996). Indeed, "Federal officials who by act or word generate expectations in the persons they employ, and then disappoint them, do not *ipso facto* create a contract liability running from the Federal Government to the employee, as they might if the employer were not the government." Federico, 70 Fed. Cl. at 384.

For the reasons stated above, the Court GRANTS the Government's motion to dismiss and DISMISSES Mr. Van Hecke's complaint. The Clerk of Court shall enter judgment accordingly.

IT IS SO ORDERED.

*[signature]*
THOMAS C. WHEELER
Judge